FILED
2012 Mar-31  PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **SYNOVUS BANK, Successor in interest through name and merger with Bank of Tuscaloosa, formerly known as Columbus Bank and Trust Company,** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) | **Case Number  7:10-CV-2634-SLB** |
| **vs.** | ) ) | |
| **ESTATE OF JEWEL CLEMENTS HAYNIE; JOANNE K. BLOOM,** | ) ) ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This case is before the court on Motion for Summary Judgment and Renewed Motion for Summary Judgment, filed by defendant Joanne K. Bloom.  (Docs. 27 and 39.)[1]  Bloom seeks to dismiss the counterclaim of co-defendant, the Estate of Jewel Clements Haynie, against plaintiff Synovus Bank.  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that Bloom's Motion for Summary Judgment, (doc. 27), and her Renewed Motion for Summary Judgment, (doc. 39), are due to be denied.

The Haynie Estate filed a counterclaim against Synovus Bank, alleging –

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

1.  According to the records of the Plaintiff, Synovus Bank, on July 2, 2009, the Co-Defendant, Joanne K. Bloom's name was added to the Certificate of Deposit in the said Bank which is in question in this case under a payment on death provision.  According to the Bank's records Ms. Haynie signed the record at Bank of Tuscaloosa in Tuscaloosa, Alabama on that day.

2.  Ms. Haynie died on February 8, 2010 at the age of 97.

3.  On July 2, 2009, Ms. Haynie was living in Carrollton, Alabama, about 40 miles from Tuscaloosa.  She was unable to drive herself.  She was dependent upon two individuals who drove her where she needed to go.  Neither of those individuals drove her to Tuscaloosa on July 2, 2009.

4.  By July 2, 2009, Ms. Haynie had developed an unsteady hand.  As a consequence, her signature had a definite shake.  It is obvious to her family that the signature on the Certificate of Deposit at the Bank is not the signature of Ms. Haynie.

5.  Expert handwriting analysis has been accomplished and it is the opinion of the expert examiner that the signatures were probably not written by the writer of the known Jewel Clements Haynie handwriting samples he studied.  There are numerous differences in the known samples of Ms. Haynie's handwriting and in the handwriting on the Certificate of Deposit at Bank of Tuscaloosa [plaintiff's predecessor].

6.  Before Bank of Tuscaloosa made the decision not to pay the Certificate of Deposit to the Estate of Jewel Clements Haynie, the Estate had made all of this information available to the Bank (except the handwriting analysis which was not then available) and had strongly advised the Bank that the signature was invalid, that Ms. Bloom was someone totally unknown to the family and that there was absolutely no reason for Ms. Haynie to wish to make a gift to Ms. Bloom as there was no evidence that she even knew who she was.  Nor was there anyway she could have done it on July 2, 2009.

7.  Synovus Bank ***negligently or wantonly*** failed to prevent the forgery from occurring on its books and records, it ***negligently or wantonly*** failed to conclude that the addition of Ms. Bloom was a forgery and ***negligently or wantonly*** filed this litigation rather than acting upon what it knew or should have known which was that the addition of Ms. Bloom's name to its books and records was a forgery.

2

(Doc. 24 ¶¶ 1-7 [emphasis added].)

Bloom, who is not a party to the counterclaim, has moved to dismiss the Haynie

Estate's claims against Synovus Bank.  She contends:

> In their answer, the Estate alleged that the designation of Ms. Bloom as "not
> done by or authorized by Mrs. Haynie" and that the signature on the certificate
> of deposit is "not the signature of Mrs. Haynie." [(Doc. 7 at 2.)]  The Estate's
> defense was perhaps more succinctly stated in their motion for leave to amend
> where they allege that Synovus Bank ". . . negligently or wantonly *caused or
> allowed an employee or other person to forge the signature* of Jewel Clements
> Haynie upon the record of the certificate of deposit . . . " and that they ". . .
> negligently or wantonly *failed to detect the forgery* . . . . " [(Doc. 24 ¶ 1
> [emphasis added].)]  However, pleading forgery is equivalent to pleading
> fraud.  See *Black's Law Dictionary* 677 (8th ed. 2004)("1. The act of
> *fraudulently* making a false document or altering a real one to be used as if
> genuine. . . . ")(emphasis added).  Fraud must be pled with particularity such
> that the accused party may know what "'precise misconduct with which they
> are charged.'"  *Durham v. Bus. Mgmt. Ass'n.*, 847 F.2d 1505, 1511 (11th Cir.
> 1988)(quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d
> 786, 791 (3d Cir.1984)); *see also* Fed. R. Civ. Proc. 9(b) (2011).  In other
> words, fraud is easily alleged, but more difficult to adequately plead.  In the
> instant case, the Estate has not adequately pled fraud because their vague
> allegations of forgery do not cite a *specific* time, place or person who engaged
> in the alleged fraud on Jewel Clements Haynie.  *See Ziemba* [*v. Cascade Int'l,
> Inc.*], 256 F.3d [1194,] 1202 [(11th Cir. 2001)] *and* Fed. R. Civ. Proc. 9(b)
> (2011).  "[E]mployee or other person" can hardly satisfy the requirement that
> the Estate plead "the person responsible" for the fraudulent activity.  *Ziemba*,
> 256 F.3d at 1202.  Moreover, the Estate has not alleged, and it is difficult to
> see, what, if anything, Synovus Bank *gained* from their supposed fraud on
> Jewel Clements Haynie.  *Id*.  Therefore, the Estate's defense that the
> pay-on-death designation is unenforceable because it was purportedly forged
> is insufficient as a matter of law.  *See* Fed. R. Civ. Proc. 9(b) (2011).

(Doc. 27 ¶ 15 [emphasis in original]; *see also* doc. 39 ¶ 20.)  She contends, "For the same

reasons, the Estate's counterclaim is also legally insufficient."  (Doc. 39 ¶ 21.)

3

Without deciding whether the Haynie Estate's counterclaims against Synovus Bank should be dismissed as an inadequately alleged fraud claim,[2] the court finds Bloom does not have standing to seek dismissal of the counterclaims to which she is not a party. *See Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 429 F. Supp. 2d 1274, 1291 (M.D. Fla. 2005)("The Court cannot conceive how Essex has standing to seek dismissal of Amerisure's cross-claim against OneBeacon, given that Amerisure's Third-Party Claims and Cross-Claim does not assert any claims against Essex."); *see also Qwest Corp. v. Arizona Corp. Com'n*, No. CV 08-2374-PHX-JAT, 2009 WL 3059127, 5 (D. Ariz. Sept. 23, 2009)("The Court simply does not believe that a non-party to a claim can move to dismiss that claim on behalf of the actual, non-moving party to the claim.")(citing *Mantin v. Broadcast Music, Inc.*, 248 F.2d 530, 531 (9th Cir. 1957)); *E.E.O.C. v. Brooks Run Min. Co., LLC*, Civil Action No. 5:08-cv-00071, 2008 WL 2543545, 2 (S.D. W. Va. June 23, 2008)("It is generally accepted that parties lack standing to seek dismissal of parties other than themselves.")(citing *Mantin*, 248 F.2d at 531; *Gutensohn v. Kan. City S. Ry.*, 140 F.2d 950, 953-54 (8th Cir. 1944); *Clinton Cmty. Hosp. Corp. v. S. Md. Med. Ctr.*, 374 F. Supp. 450, 453 (D. Md. 1974), *aff'd per curiam*, 510 F.2d 1037 (4th Cir.), *cert. denied*, 422 U.S. 1047 (1975)).

---

[2]Contrary to Bloom's argument, the court does not read the Haynie Estate's counterclaim as alleging Synovus Bank participated in the forgery.  Rather, the court reads the counterclaim as alleging that Synovus negligently and/or wantonly failed to prevent and/or discover the forgery.  (*See* Doc. 33 ¶ 7.)

4

Therefore, the Motion for Summary Judgment, (doc. 27), and the Renewed Motion for Summary Judgment, (doc. 39), will be denied.

An Order denying Bloom's Motion for Summary Judgment, (doc. 27), and her Renewed Motion for Summary Judgment, (doc. 39), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 31st day of March, 2012.


SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE